■ LEONARD JOHNSON & SONS ENTERPRISES, LTD., Appellant, v BRIGHTON COMMONS PARTNERSHIP, Respondent. HUMMINGBIRD RESTAURANT, INC., Appellant, v BRIGHTON COMMONS PARTNERSHIP, Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs. Same Memorandum as in *Johnson & Sons Enters. v Brighton Commons Partnership* ([appeal No. 3] 171 AD2d 1059 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Fritsch, J.—Renewal.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.

■ LEONARD JOHNSON & SONS ENTERPRISES, LTD., Appellant, v BRIGHTON COMMONS PARTNERSHIP, Respondent. HUMMINGBIRD RESTAURANT, INC., Appellant, v BRIGHTON COMMONS PARTNERSHIP, Respondent. (Appeal No. 3.)—Order insofar as appealed from unanimously reversed on the law with costs, motion granted and order dismissing plaintiffs' causes of action vacated. Memorandum: Plaintiffs' attorney obtained a court order, dated July 14, 1989, granting him permission to withdraw as plaintiffs' counsel and awarding an attorney's lien of $3,000. Although they were notified of the motion, plaintiffs did not appear. In August 1989, a copy of the order was served upon Leonard Johnson, an officer of both corporate plaintiffs, but he was not served with a notice to appoint another attorney. When plaintiffs failed to appear at a subse-

quent calendar call, defendant moved to dismiss plaintiffs' causes of action. It does not appear that plaintiffs received notice of the motion. By order dated November 14, 1989, the court ruled that plaintiffs had abandoned the litigation and granted defendant's motion. Plaintiffs promptly moved to vacate the order dismissing their causes of action, and sought restoration of the cases to the calendar. Plaintiffs also sought an order vacating the award of attorney's fees to former counsel. The motion was denied in its entirety. Plaintiffs then moved for leave to renew the motion on the ground of newly-discovered evidence, and that motion was also denied. Finally, plaintiffs moved for reargument on the ground that the order of November 14, 1989 dismissing plaintiffs' causes of action was entered in violation of CPLR 321 (c). The court granted reargument but entered an order adhering to its original decision. Plaintiffs appeal from the three orders last set forth.

The court erred in denying plaintiffs' motion on reargument. Following removal of plaintiffs' attorney by court order, no further proceeding could be taken against plaintiffs without leave of the court until 30 days after notice to appoint another attorney had been served (CPLR 321 [c]; *Chavoustie v Shaad,* 133 AD2d 532). No notice was served upon plaintiffs and thus the order dismissing plaintiffs' causes of action must be nullified and the cases restored to the court's calendar.

With that disposition of plaintiffs' motion on reargument, plaintiffs' appeal from the order of November 14, 1989, insofar as it denied plaintiffs' motion to vacate the order dismissing their causes of action, is rendered moot. To the extent that the same order denied plaintiffs' motion to vacate the award of an attorney's lien to plaintiffs' former counsel, it is affirmed. Supreme Court's finding that plaintiffs' default was not excusable is amply supported in the record.

Lastly, in light of the inadequacy of plaintiffs' submission on their motion to renew, the order denying that motion is also affirmed. (Appeal from Order of Supreme Court, Monroe County, Fritsch, J.—Reargument.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.